**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEVEN IVEY**
**Plaintiff,**

**v.** **Case No: 6:26-cv-564-CEM-DCI**

**WAYNE IVEY, CITY OF COCOA, BREVARD COUNTY, FDLE, MARK GLASS, BREVARD COUNTY SHERIFF DEPARTMENT,**
**Defendants.**

---

# REPORT AND RECOMMENDATION

Two motions are currently pending before the Court: 1) Plaintiff Steven Ivey's Application to Proceed Without Prepayment of Fees, which the undersigned construes as a motion to proceed *in forma pauperis* (Doc. 2, the IFP Motion); and 2) Plaintiff's "Motion for Reconsideration of 'Order Dated May 28, 2026 For Denial to Amend' Complaint" (Doc. 28, the Motion for Reconsideration). Upon review, the undersigned finds that Plaintiff has not met the standard for reconsideration and recommends that the Court **DENY** the Motion for Reconsideration. Doc. 28. With respect to the motion to proceed *in forma pauperis*, the undersigned has reviewed the financial information provided and finds that Plaintiff is a pauper. Nevertheless, the undersigned recommends the Court **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. 2) and **DISMISS** the Amended Complaint (Doc. 27) **with leave to amend** due to the shotgun pleading defects addressed below.

## I. BACKGROUND

On March 12, 2026, Plaintiff Steven Ivey (Plaintiff), proceeding *pro se*, filed a complaint against Wayne Ivey, Brevard County Sheriff's Department, City of Cocoa, and Brevard County

(Defendants). Doc. 1 (the Complaint). Plaintiff concurrently filed a motion to proceed *in forma pauperis*. Doc. 2. On May 21, 2026, Plaintiff filed a "Motion to Amend Municipal Defendants," which the Court construed as a motion to amend the Complaint. Doc. 18. On May 22, 2026, the Court issued an endorsed order granting Plaintiff leave to file an amended complaint. Doc. 19. On May 27, 2026, Plaintiff filed a second motion to amend the Complaint, which the undersigned denied as moot considering the Court had already granted Plaintiff leave to amend. Docs. 18; 19; 23.

Plaintiff filed an Amended Complaint on June 9, 2026. Doc. 27 (the Amended Complaint). The Amended Complaint consists of twenty-nine pages of additions to the original Complaint. *See Id.* Where the factual paragraphs of the original Complaint end at paragraph "f128," Doc. 1 at 49, the Amended Complaint begins with factual paragraph "f129." Doc. 27 at 1. Similarly, the final claim in Plaintiff's original Complaint is labelled "Claim 16," Doc. 1 at 96, and Plaintiff's Amended Complaint lists three claims beginning with "Claim 17." Doc. 27 at 7.

On June 12, 2026, Plaintiff filed a "Motion for Reconsideration of 'Order Dated May 28, 2026 For Denial to Amend' Complaint." Doc. 28. In the Motion for Reconsideration, Plaintiff requests that the Court reconsider its denial of Plaintiff's second motion to amend the Complaint. *Id.* at 2. Plaintiff also seeks leave to amend the complaint as to all co-defendants and to "make the companion claims more defined with [an] additional claim . . . ." *Id.* at 1-2.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll.*

*of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citation and internal quotation marks omitted). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (citation omitted).

**B. Motion to Proceed *In Forma Pauperis***

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B)(i)-(iii).[1] The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but the Court is under no duty to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation omitted).

[1] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Further, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). While the Court must liberally construe *pro se* pleadings, such pleadings must "still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citations omitted). [2]

**III. DISCUSSION**

**A. Plaintiff's Motion for Reconsideration**

Plaintiff seeks reconsideration of the Court's order denying as moot Plaintiff's second motion to amend the complaint. *See* Doc. 28. In the Motion for Reconsideration, Plaintiff does not cite—let alone meet—the standard required for reconsideration. Specifically, Plaintiff does not identify any change in law or submit new evidence that was not available at the time of the Court's decision. *Id.* Further, Plaintiff has not identified a "clear and obvious error where the 'interests of justice' demand correction." *See Bhogaita*, 2013 WL 425827, at *1 (citation omitted). Therefore, the undersigned recommends that Plaintiff's Motion for Reconsideration be denied.

Relatedly, it appears to the undersigned that Plaintiff may have misconstrued the Court's May 28, 2026 order. In the Motion for Reconsideration, Plaintiff asserts that the Court limited the scope of amendment such that Plaintiff could only amend allegations and claims related to newly joined "Municipal Defendants." Doc. 28 ("The 'Order' of Doc. 19 was strict so as to be limited

[2] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority. *See* 11th Cir. R. 36-2.

to ONLY those claims for the 'Amended Municipal Defendants' Not the codefendants as listed in the originating complaint."). Plaintiff's belief appears to rely on the language of the endorsed order granting Plaintiff's "Motion to Amend Municipal Defendants." Docs. 19; 28. However, the Court often refers to motions using the titles given by the parties, and here, the undersigned granted the "Motion to Amend Municipal Defendants," which is what Plaintiff titled the motion. *Compare* Doc. 18, *with* Doc. 19. The Court granted Plaintiff leave to file an amended complaint in its entirety. Doc. 19. That grant was only qualified by the following directive: "The amended complaint must include all claims and allegations Plaintiff asserts in this case and may not relate back to or incorporate by reference any part of the original complaint." Docs. 19; 28. Put another way, any amendment filed would not *add* to the original complaint but would *replace* the original complaint as the operative complaint in the case.

The undersigned recognizes that Plaintiff's reading of the May 28, 2026 order may have led Plaintiff to file an Amended Complaint that only amended the allegations and claims relating to the "Municipal Defendants." Indeed, the undersigned notes that Plaintiff excluded counts 1 through 16 from the Amended Complaint, meaning they are no longer part of the operative complaint in the case. Should Plaintiff amend the complaint again, any amended pleading should include all claims and allegations that Plaintiff seeks to raise in this case—once an amended complaint is filed, it becomes the operative complaint. *See Reynolds v. Behrman Capital IV L.P.*, 988 F.3d 1314, 1319 (11th Cir. 2021) ("An amended complaint supersedes and replaces the original complaint."); *Schreane v. Middlebrooks*, 522 F. App'x 845, 848 (11th Cir. 2013) ("[A]n amended complaint supersedes the initial complaint unless the amended complaint 'specifically refers to or adopts' the initial complaint." (citation omitted)).

### B. Plaintiff's Motion to Proceed *In Forma Pauperis*

Turning to the IFP Motion, the undersigned finds that Plaintiff is a pauper.[3] Plaintiff's declared monthly income falls below the poverty guideline updated periodically in the Federal Register by the U.S. Department of Health and Human Services for a household of one, which is defined as $15,960 for 2026. Annual Update of the HHS Poverty Guidelines, 91 Fed. Reg. 1797, 1798 (Jan. 13, 2026). A review of Plaintiff's income and declared assets indicates that Plaintiff meets the § 1915 poverty requirement.[4] *See Thomas v. Sec'y of Dept. of Veteran Affs.*, 358 F. App'x 115, 115 (11th Cir. 2009).

Plaintiff's financial status notwithstanding, the undersigned finds that the Amended Complaint is an impermissible shotgun pleading. There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all

---

[3] The undersigned notes that Plaintiff filed the motion to proceed *in forma pauperis* using the short form AO 240. *See* Doc. 2. Should Plaintiff amend the complaint and re-file the IFP Motion, Plaintiff should use the appropriate form. Administrative Office of the United States Courts, Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Jan. 1, 2015) (available at https://www.uscourts.gov/forms-rules/forms/application-proceed-district-court-without-prepaying-fees-or-costs-long-form).

[4] Plaintiff has not declared any liabilities because the short form Application to Proceed Without Prepayment of Fees and Affidavit does not inquire about liabilities. Doc. 2. Additional information about Plaintiff's liabilities would not affect this evaluation.

types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

At minimum, Plaintiff's Amended Complaint falls into the second category. Plaintiff's claims are organized into paragraphs, but the paragraphs related to factual allegations are labelled using both letters and numbers, which is inappropriate under Rule 10(b)'s requirement that "[a] party must state its claims . . . in numbered paragraphs . . . ." Fed. R. Civ. P. 10(b). While Plaintiff correctly avoids re-alleging and incorporating all preceding paragraphs in the claims in the Amended Complaint,[5] Plaintiff does not clearly demonstrate how particular factual allegations support Plaintiff's claims. For example, in Claim 17, Plaintiff "realleges and incorporates herein by reference each and every allegation in facts f60 – f144, of the Complaint." Doc. 27 at 7-8. Additionally, in Claims 18 and 19, Plaintiff "realleges and incorporates herein by reference each and every allegation in facts f1 – f144, of the Complaint." Doc. 27 at 15, 21. In each example, Plaintiff incorporates most of the factual paragraphs from both the superseded Complaint and Amended Complaint, yet Plaintiff provides minimal explanation of how these allegations relate to Plaintiff's purported claims. Docs. 1; 27. Such incorporation makes it unclear which factual allegations are intended to support which claims for relief and deprives Defendants of proper notice. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *Cont'l 332 Fund, LLC v. Albertelli*, 317 F. Supp. 3d 1124, 1138 (M.D. Fla. 2018) ("[N]otice is the touchstone of the Eleventh Circuit's shotgun pleading framework.").

Plaintiff's Amended Complaint also falls into the third category of impermissible shotgun pleadings because it does "not separate each cause of action or claim for relief into a different

[5] In Plaintiff's superseded Complaint, Plaintiff impermissibly "realleges and incorporates by reference all preceding paragraphs" in both Claim 15 and Claim 16. Doc. 1 at 94-96; *see Weiland*, 792 F.3d at 1321.

count." *Weiland*, 792 F.3d at 1322-23. Discrete claims must be set forth in separate counts with relevant supporting factual allegations, except "where they arise out of the same transaction or occurrence and defendants are provided with adequate notice." *Cont'l 332 Fund, LLC*, 317 F. Supp. 3d at 1139. Plaintiff's Amended Complaint is organized into three "claims" under 42 U.S.C. § 1983, labelled "Claim 17," "Claim 18," and "Claim 19." Doc. 27 at 7-8, 15, 20-21. As can be best discerned, each of Plaintiff's claims appear to allege multiple discrete causes of action—for example, Claim 17 includes allegations of "a false arrest"; a "false imprisonment"; that the Plaintiff "had his character defamed and slandered"; "violation of Fifth and Eighth Amendment Rights"[6]; and a violation of "FDLE departmental regulations."[7] *Id.* at 11-13. The commingled nature of the pleading makes it impossible for the undersigned to decipher what claims Plaintiff is purporting to raise. Accordingly, the Amended Complaint should be dismissed.

Even so, a *pro se* plaintiff must generally be given one chance to amend the complaint if "it appears a more carefully crafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend."[8] *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th

---

[6] Plaintiff appears to connect Plaintiff's claims of Fifth and Eighth Amendment violations with allegations of fact related to expungement of state records. Doc. 27 at 7, 12, 16. To the extent that Plaintiff's claim is based on a failure to expunge records, such claim may fail to state a claim entitling Plaintiff to relief. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989) (Finding that "[t]he right to expungement of state records is not a federal constitutional right," and therefore the plaintiff "failed to properly state a claim under section 1983" (citations and internal quotations omitted)).

[7] To the extent that Plaintiff brings claims for violations of the Fifth and Eighth Amendments, such claims may fail to state a claim entitling Plaintiff to relief. *See Weiland*, 792 F.3d at 1328 ("The Fifth Amendment . . . protects a citizen's rights against infringement by the federal government, not by state government . . . . [T]he Eighth Amendment . . . applies only after a citizen has been convicted of a crime . . . ." (citations omitted)).

[8] The undersigned recommends that Plaintiff avail themselves of the resources made publicly available to *pro se* litigants. *See, e.g.*, United States District Court Middle District of Florida, Guide for Proceeding Without a Lawyer (Feb. 10, 2022) (available at https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-

Cir. 2003) (internal quotations omitted); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*."). Accordingly, the undersigned recommends that dismissal of the Complaint is appropriate at this juncture and that Plaintiff should be given leave to amend the Complaint.

**IV. CONCLUSION**

Accordingly, it is respectfully **RECOMMENDED** that:

1. the motion to proceed *in forma pauperis* (Doc. 2) be **DENIED without prejudice**;
2. the Motion for Reconsideration (Doc. 28) be **DENIED**; and
3. the Amended Complaint (Doc. 27) be **DISMISSED with leave to amend.**

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**Recommended** in Orlando, Florida on July 24, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented Party

lawyer.pdf); United States District Court Middle District of Florida, Local Rules (Nov. 1, 2025) (available at https://www.flmd.uscourts.gov/sites/flmd/files/flmd-amended-local-rules-effective-november-01-2025.pdf).